IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| THOMAS WILKINSON | ) | CASE NO. |
| 542 Dennison Avenue | ) | |
| Akron, OH 44312 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | |
| LINDSAY PRECAST, INC. | ) | **(Jury Demand Endorsed Hereon)** |
| c/o Roland Carl Lindsay | ) | |
| 6845 Erie Avenue NW | ) | |
| Canal Fulton, OH 44614 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Thomas Wilkinson, by and through undersigned counsel, as his Complaint against Defendant states and avers the following:

## PARTIES

1. Wilkinson is a resident of the city of Akron, Summit County, State of Ohio.

2. Lindsay Precast, Inc. ("Lindsay Precast") is an Ohio corporation with its principal place of business located in Stark County at 6845 Erie Avenue NW, Canal Fulton, OH 44614.

3. Lindsay Precast is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation of common control for a common business purpose, and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Fair Labor Standards Act.

4. Lindsay Precast is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Fair Labor Standards Act, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or

The Employee's Attorney.™        SPITZ LAW FIRM

produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.

## JURISDICTION & VENUE

5. Jurisdiction is proper over Defendant pursuant to 28 U.S.C. § 1331 in that Aldom is alleging a federal law claim arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Thus, this Court has original jurisdiction over the federal law claim under 28 U.S.C. § 1331.

6. Additionally, this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

7. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which the Defendants operate and conduct business.

## FACTS

8. Wilkinson is a former employee of Lindsay Precast.

9. Lindsay Precast hired Wilkinson on or around May 23, 2016.

10. Lindsay Precast hired Wilkinson to the position of Project Manager.

11. The Project Manager position was a salaried position.

12. The Project Manager position was an overtime-exempt position.

13. Wilkinson's compensation for the Project Manager included a salary plus commissions.

14. Lindsay Precast agreed to pay Wilkinson a salary of $45,000 annually for the Project Manager position.

15. Lindsay Precast agreed to pay commissions as part of the company's Sales Incentive Plan.

16. Under the Sales Incentive Plan, Lindsay Precast agreed to pay Wilkinson commissions of $1,000 for every $500,000 of quoted sales in excess of $3,000,000.

17. Following his hiring, Wilkinson worked for Lindsay Precast for about three-and-a-half months.


The Employee's Attorney.™

18. During his employment with Lindsay Precast, Wilkinson booked sales in excess of $3,000,000.

19. During his employment with Lindsay Precast, Wilkinson booked sales that qualified him to receive commissions under the Sales Incentive Plan.

20. During his employment, Lindsay Precast paid Wilkinson some of his earned commissions.

21. Neither during nor after his employment with Lindsay Precast was Wilkinson paid all of his owed commissions.

22. To date, Lindsay Precast owes Wilkinson approximately $10,000 to $15,000 in unpaid commissions.

23. About one month after Wilkinson's hiring, Lindsay Precast's senior project manager was terminated.

24. As a result of losing the senior project manager, Lindsay Precast required Wilkinson to handle all computer-aided-design ("CAD") instead of his Project Manager duties.

25. Lindsay Precast appointed another employee to handle the Project Manager duties and position.

26. CAD work including completing CAD drawings, a task formally performed by the CAD technician as well as other employees at Lindsay Precast.

27. The employees who performed CAD work at Lindsay Precast were paid hourly.

28. The employees who performed CAD work at Lindsay Precast were non-exempt employees.

29. The employees who performed CAD work at Lindsay Precast were paid overtime compensation for any hours worked over 40 in a week.

30. Wilkinson's CAD work was outside the scope of his duties as a Project Manager.

31. Wilkinson's CAD work was non-exempt work.

32. As a result of strictly handling non-exempt CAD work and responsibilities, Wilkinson began working a large amount of overtime hours.



33. During the last two or so months of employment, Wilkinson was working 50-60 hours per week or more.

34. During at least one week while employed with Lindsay Precast, Wilkinson worked 72 hours for the week.

35. Lindsay Precast never paid Wilkinson any overtime compensation during his employment.

36. Lindsay Precast knew that any CAD work performed by Wilkinson was non-exempt work outside the scope of his duties as a Project Manager.

37. Lindsay Precast knew that other employees who performed CAD work, CAD Techs, were paid hourly as non-exempt employees.

38. Lindsay Precast knew that Wilkinson was working overtime hours once he began performing CAD work.

39. Lindsay Precast intentionally failed to pay Wilkinson any overtime compensation for CAD work under the guise that he was a salary-exempt Project Manager.

40. Upon information and belief, other employees who performed CAD work were paid approximately $17-$18 per hour for straight-time work.

41. After Lindsay Precast failed to pay Wilkinson all of his earned commissions under the Sales Incentive Plan, he complained to Lindsay Precast.

42. After Lindsay Precast failed to pay Wilkinson his earned overtime compensation for any and all CAD work and other hourly non-exempt work, he complained to Lindsay Precast.

43. Despite Wilkinson's complaints, Lindsay Precast never paid him all of his earned commissions.

44. Despite Wilkinson's complaints, Lindsay Precast never paid him any overtime compensation.

45. On September 5, 2016, Wilkinson submitted his letter or resignation to Lindsay Precast.

46. Wilkinson actually resigned from Lindsay Precast on or around September 8, 2016.

The Employee's Attorney.™ 

## COUNT I: FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF 29 U.S.C. § 207.

47. Wilkinson restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

48. Wilkinson worked over 40 hours per week while employed with Lindsay Precast.

49. Wilkinson performed non-exempt work while employed with Lindsay Precast, namely CAD drawings and related work.

50. Lindsay Precast did not pay Wilkinson overtime wages for hours worked over 40 per week.

51. Pursuant to 29 U.S.C. § 207, an employer must pay a non-exempt employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of 40 hours in one work week.

52. At relevant times during his employment with Lindsay Precast, Wilkinson was considered a non-exempt employee for purposes of 29 U.S.C. § 207 whenever he performed CAD work.

53. Lindsay Precast willfully and/or intentionally violated 29 U.S.C. § 207.

54. As a direct and proximate cause of Lindsay Precast's failure to pay Wilkinson his lawfully earned overtime wages, Wilkinson suffered damages.

55. As a direct and proximate cause of Lindsay Precast's failure to pay Wilkinson his lawfully earned overtime wages, pursuant to 29 U.S.C. § 216(b), Lindsay Precast is liable to Wilkinson for the full amount of the overtime wage rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

## COUNT II: FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF R.C. § 4111.03(A).

56. Wilkinson restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

57. Wilkinson worked over 40 hours per week while employed with Lindsay Precast.



58. Wilkinson performed non-exempt work while employed with Lindsay Precast, namely CAD drawings and related work.

59. Lindsay Precast did not pay Wilkinson overtime wages for hours worked over 40 per week.

60. Pursuant to R.C. § 4111.03(A), an employer must pay a non-exempt employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of 40 hours in one work week.

61. At relevant times during his employment with Lindsay Precast, Wilkinson was considered a non-exempt employee for purposes of R.C. § 4111.03(A) whenever he performed CAD work.

62. Lindsay Precast willfully and/or intentionally violated R.C. § 4111.03(A).

63. As a direct and proximate cause of Lindsay Precast's failure to pay Wilkinson his lawfully earned overtime wages, Wilkinson suffered damages.

64. As a direct and proximate cause of Lindsay Precast's failure to pay Wilkinson his lawfully earned overtime wages, pursuant to R.C. § 4111.10(A), Lindsay Precast is liable to Wilkinson for the full amount of the overtime wage rate, and for costs and reasonable attorneys' fees as may be allowed by the Court.

## COUNT III: PROMISSORY ESTOPPEL

65. Wilkinson restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

66. Lindsay Precast made promises to Wilkinson to pay him commissions under the company's Sales Incentive Plan at $1,000 for every $500,000 of quoted sales in excess of $3,000,000.

67. Lindsay Precast made these promises with the reasonable expectation that its promises would induce action or forbearance by Wilkinson.

68. Wilkinson, to his detriment, actually and justifiably relied on Lindsay Precast's promises.

69. During his employment with Lindsay Precast, Wilkinson booked sales in excess of $3,000,000.



The Employee's Attorney.™

70. During his employment with Lindsay Precast, Wilkinson booked sales that qualified him to receive commissions under the Sales Incentive Plan.

71. Neither during nor after his employment with Lindsay Precast was Wilkinson ever paid all of his earned commissions.

72. An injustice to Wilkinson may only be avoided through the enforcement of Lindsay Precasts' promises to pay Wilkinson his earned commissions.

## COUNT IV: UNJUST ENRICHMENT

73. Wilkinson restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

74. Wilkinson provided Lindsay Precast value by working for Lindsay Precast as an employee.

75. Wilkinson expected to be compensated for the value provided to Lindsay Precast, including all earned commissions under the Sales Incentive Plan.

76. Lindsay Precast acknowledged, accepted, and benefited from the value provided by Wilkinson.

77. During his employment with Lindsay Precast, Wilkinson booked sales in excess of $3,000,000.

78. During his employment with Lindsay Precast, Wilkinson booked sales that qualified him to receive commissions under the Sales Incentive Plan.

79. Neither during nor after his employment with Lindsay Precast was Wilkinson ever paid all of his earned commissions.

80. It would be inequitable for Lindsay Precast to enjoy the benefit of the value provided by Wilkinson without fully compensating him.

## COUNT V: VIOLATION OF R.C. § 4113.15

81. Wilkinson restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

The Employee's Attorney.™ 

82. Since Wilkinson's resignation on September 8, 2016, Lindsay Precast has failed to pay Wilkinson for some of his unpaid commissions and any unpaid overtime compensation.

83. To date, Lindsay Precasts has failed to pay Wilkinson any wages earned during his employment other than his base salary.

84. Pursuant to R.C. § 4113.15(A), an employer is prohibited from withholding a former employee's final wages owed them prior to his separation of employment.

85. Pursuant to R.C. § 4113.15(B), if a former employee's final wages remain unpaid for thirty days beyond the regularly scheduled payday, the former employee is entitled to both the amount originally owed, as well as, liquidated damages in the an amount equal to six percent of the total amount or two hundred dollars, whichever is greater.

86. As a direct and proximate cause of Lindsay Precast's conduct, Wilkinson suffered damages.

## DEMAND FOR RELIEF

WHEREFORE, Wilkinson demands from Lindsay Precast the following:

(a) An award against Lindsay Precast of compensatory and monetary damages to compensate Wilkinson for unpaid compensation, unpaid wages, back pay, front pay, emotional distress, and other consequential and/or liquidated damages, in an amount in excess of $25,000 per claim to be proven at trial;

(b) An award of reasonable attorney's fees and non-taxable costs for Wilkinson's claims as allowable under law;

(c) An award of the taxable costs of this action; and

(d) An award of such other relief as this Court may deem necessary and proper.

The Employee's Attorney.™



Respectfully submitted,

*/s/ Fred M. Bean*

Fred M. Bean (0086756)
**THE SPITZ LAW FIRM, LLC**
WaterTower Plaza
25200 Chagrin Blvd., Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:     (216) 291-5744
Email: Fred.Bean@SpitzLawFirm.com

*Attorney For Plaintiff Thomas Wilkinson*

## JURY DEMAND

Plaintiff Thomas Wilkinson demands a trial by jury by the maximum number of jurors permitted.

*/s/ Fred M. Bean*

Fred M. Bean (0086756)
**THE SPITZ LAW FIRM, LLC**

